**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DARWYN DEMOND LEWIS,** | § | |
| **#43752-177,** | § | |
|        **Movant,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:18-CV-1294-N-BK** |
| | § | **(Criminal No. 3:11-CR-351-N-1)** |
| **UNITED STATES OF AMERICA,** | § | |
|        **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set

aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate

judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow,

the motion should be **TRANSFERRED** to the United States Court of Appeals for the Fifth

Circuit for appropriate action.

## I. BACKGROUND

Lewis pleaded guilty to bank robbery and was sentenced to prison for 162 months. *See*

Crim. doc. 29. After an unsuccessful direct appeal, *see United States v. Lewis*, 513 F. App'x 396

(5th Cir. 2013), Lewis filed his first 28 U.S.C. § 2255 motion, *see Lewis v. United States*, 3:15-

CV-3676-P (N.D. Tex.), docs 1 & 2. The Court dismissed that motion as time-barred. *See id.* at

doc. 7.

Lewis thereafter filed a successive § 2255 motion without first seeking authorization

from the Court of Appeals. *See Lewis v. United States*, 3:16-CV-1756-N-BK (N.D. Tex.). The

Court dismissed that motion for want of jurisdiction, *see id.* at doc. 16, and the United States

Court of Appeals for the Fifth Circuit denied Lewis a certificate of appealability, *see Lewis v.*

*United States*, No. 16-11410 (5th Cir. Aug. 2, 2017).

Lewis has again filed an unauthorized § 2255 motion, seeking to challenge his criminal judgment. He argues now that he is entitled to relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* doc. 2 at 4.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a movant may only file a successive motion for post-conviction relief if he first receives authorization from a three-judge panel of the United States court of appeals. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996); *see United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("In order to file a second or successive [habeas] application with the district court, 28 U.S.C. § 2244 provides that an applicant must first obtain authorization from the court of appeals."). The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Court of Appeals for the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Court of Appeals for the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive § 2255 motions, Lewis's successive § 2255 motion should be transferred to that court, pursuant to 28 U.S.C. § 1631, for appropriate action. *See, e.g.*, *Fulton*, 780 F.3d at 686 (transferring an unauthorized successive habeas application pursuant to § 1631 is an alternative to dismissal of such an application).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be transferred to the Fifth Circuit for appropriate action.

**SIGNED** May 29, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE